IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **RONALD EARLE RUSHIN,** : | |
| : | |
| **Plaintiff,** : | |
| VS. : | |
| : | NO. 5:16-CV-00360-MTT-MSH |
| **Warden CEDRIC TAYLOR,** *et al.*, : | |
| : | |
| **Defendants.** : | |
| _____ | |

## RECOMMENDATION OF DISMISSAL

Plaintiff Ronald Earle Rushin, a prisoner currently incarcerated at the Baldwin State Prison in Hardwick, Georgia, filed a *pro se* complaint seeking relief under 42 U.S.C. § 1983. Plaintiff seeks leave to proceed *in forma pauperis*. For the reasons discussed below, the undersigned **RECOMMENDS** that Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) be **DENIED** and that Plaintiff's Complaint be **DISMISSED without prejudice.**

## ANALYSIS

Federal law bars a prisoner from bringing a civil action in federal court *in forma pauperis*

> if [he] has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This is known as the "three strikes provision." Under § 1915(g), a prisoner incurs a "strike" any time he has a federal lawsuit or appeal dismissed on the

1

grounds that it is frivolous or malicious or fails to state a claim. *See Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999). Once a prisoner incurs three strikes, his ability to proceed *in forma pauperis* in federal court is greatly limited—leave to proceed *in forma pauperis* may not be granted unless the prisoner is under imminent danger of serious physical injury. *Id.*

A review of court records on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") database reveals that Plaintiff has filed numerous federal lawsuits and that at least three of his complaints or appeals have been dismissed as frivolous, or malicious, or for failure to state a claim. *See, e.g.,* Order Dismissing Compl., *Rushin v. Obriens*, ECF No. 3 in Case No. 1:10-CV-02106-RLV (N.D. Ga. July 29, 2010) (dismissing as frivolous); Order Dismissing Compl., *Ash (a/k/a Rushin) v. Adamson*, ECF No. 12 in Case No. 4:10-CV-55-CDL-GMF (M.D. Ga. June 30, 2010) (adopting recommendation of magistrate judge to dismiss as frivolous and for failure to state a claim); Order Dismissing Compl., *Rushin v. Freeman*, ECF No. 2 in Case No. 1:05-CV-01699-RLV (N.D. Ga. Aug. 16, 2005) (dismissing for failure to state a claim); *see also* Order Dismissing Compl., *Rushin v. Taylor*, ECF No. 4 in Case No. 1:16-CV-00357-ELR (N.D. Ga. Mar. 30, 2016) (adopting recommendation of magistrate judge to dismiss under 28 U.S.C. § 1915(g)). Plaintiff is accordingly barred from prosecuting this action *in forma pauperis* unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

To qualify for this exception, a prisoner must allege specific facts that describe an "ongoing serious physical injury," or "a pattern of misconduct evidencing the likelihood of

imminent serious physical injury." *Sutton v. Dist. Attorney's Office*, 334 F. App'x 278, 279 (11th Cir. 2009) (per curiam) (internal quotation marks omitted). Complaints of past injuries are not sufficient. *See Medberry*, 185 F.3d at 1193. Vague and unsupported claims of possible dangers likewise do not suffice. *See White v. State of Colo.*, 157 F.3d 1226, 1231 (10th Cir. 1998). The exception to § 1915(g) is to be applied only in "genuine emergencies," when (1) "time is pressing," (2) the "threat or prison condition is real and proximate," and (3) the "potential consequence is serious physical injury." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

Plaintiff contends that on July 28, 2016, eight inmates tried to rape him. Compl. 5, ECF No. 1. Plaintiff alleges he "ran off [the] dorm" and notified prison officials, who assigned him to administrative segregation. *Id.* Plaintiff further alleges that he attempted to contact Defendants Taylor and Jordan, the warden and deputy warden of security of BSP, but they refused to help him apparently because they are involved in "promoting drug distribution" and the sale of other contraband in the prison. *Id.*

Plaintiff's claims are not only too vague and conclusory to permit the Court to conclude that the "imminent danger" exception applies, *see White*, 157 F.3d at 1231 (denying "imminent danger of serious physical injury" exception because pleading was "largely a collection of vague and utterly conclusory assertions"), they also suggest that Defendants negated any "imminent danger" by removing Plaintiff from the dorm in which he was allegedly attacked and placing him in administrative segregation. As such, the undersigned **RECOMMENDS** that Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) be **DENIED** pursuant to § 1915(g) and that his Complaint be **DISMISSED without**

**prejudice** to his right to refile with pre-payment of the full $400 filing fee.  *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (per curiam) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g).").

Alternatively, even if the Court were to conclude that Plaintiff had sufficiently alleged that he was in imminent danger of serious physical injury, Plaintiff's claims should be dismissed because Plaintiff affirmatively misrepresented his litigation history to the Court.  The standard complaint form submitted and signed by Plaintiff clearly required Plaintiff to state whether he had "ever filed any lawsuit while incarcerated or detained."  Compl. 2.  Plaintiff checked "no" and either marked through or wrote "N/A" across the rest of the questions regarding his litigation history.  *Id*. at 2-3.  Plaintiff was also asked, "AS TO <u>ANY</u> LAWSUIT FILED IN <u>ANY</u> FEDERAL COURT in which you were permitted to proceed *in forma pauperis*, was any suit dismissed on the ground that it was frivolous, malicious, or failed to state a claim?"  Compl. 3.  Plaintiff again checked "no" and wrote "N/A" in the space requiring Plaintiff to list information about any such cases.  *Id.* at 3.  Plaintiff's responses are patently false.  Plaintiff has filed dozens of lawsuits, and as noted above, at least three of those cases were dismissed because they were frivolous, malicious, or failed to state a claim.  Plaintiff was required to disclose this litigation history in the present case.

Rule 11 of the Federal Rules of Civil Procedure "forbids lying in pleadings, motions, and other papers filed with the court[;]" it also provides for sanctions against a party—including dismissal of a party's pleading—when papers filed with the court contain

4

intentionally misleading or patently false information. *Zocaras v. Castro*, 465 F.3d 479, 484 (11th Cir. 2006); *see also Redmon v. Lake Cnty. Sheriff's Office*, 414 F. App'x 221, 226 (11th Cir. 2011) (per curiam) (holding that a "district court may impose sanctions [under Rule 11(c)] if a party knowingly files a pleading that contains false contentions"). A prisoner's failure to disclose his full litigation history, when requested to do so, is therefore not considered a minor omission. Such information is highly relevant where, as here, a prisoner seeks to proceed without prepayment of the filing fee, as the court has a duty to enforce the statutory three strikes bar, 28 U.S.C. § 1915(g). This information is also necessary for the court to determine, prior to service, whether a prisoner's claims are related to (or should be considered in connection with) another pending action and—more importantly—whether any claims or issues in the current complaint have already been decided. *Williams v. Wiggins*, No. 6:09–cv–943, 2010 WL 4983665, at *2 (M.D. Fla. Dec. 2, 2010). Reliable disclosures are thus essential for an efficient and effective screening of the large number of *pro se* prisoner complaints received by this Court. *See* 28 U.S.C. § 1915A(a). And, as other courts within this Circuit have reasoned, if *pro se* plaintiffs suffered no substantial penalty for providing false or misleading information in the complaint, "there would be little or no disincentive" for prisoners to attempt to evade the requirement that such disclosures be made. *Williams*, 2010 WL 4983665 at *4 (internal quotation marks omitted).

Here, Plaintiff not only failed to disclose his litigation history as unambiguously required on the Court's form, but he also knowingly filed a pleading in this Court that contains false statements. Given Plaintiff's extensive prior litigation experience with the

5

federal courts, Plaintiff should have been well aware that he had incurred at least three "strikes" under § 1915(g) that would have prevented him from proceeding *in forma pauperis* in his future cases absent any allegations of imminent danger. The undersigned finds that Plaintiff's failure to disclose this litigation history cannot be considered a mere oversight. His pleading thus can be properly dismissed without prejudice, *sua sponte*, as a sanction for this failure. *See Redmon,* 414 F. App'x at 226; *see also Hood v. Tomkins*, 197 F. App'x 818, 819 (11th Cir. 2006) (per curiam) (affirming dismissal without prejudice by district court as Rule 11 sanction for plaintiff's failure to disclose litigation history); *Young v. Sec'y Fla. for the Dep't of Corrs.*, 380 F. App'x 939, 940 (11th Cir. 2010) (per curiam) (affirming dismissal under the court's "inherent power" for plaintiff's failure to disclose his prior cases on the court's complaint form when there is a finding of "bad faith"); *Attwood v. Singletary*, 105 F.3d 610, 613 (11th Cir. 1997) (per curiam) ("A finding that the plaintiff engaged in bad faith litigiousness or manipulative tactics warrants dismissal.").

Because the statute of limitations would not appear to bar Plaintiff from refiling these claims, it is **RECOMMENDED** that Plaintiff's Complaint should also be **DISMISSED without prejudice** for failure to disclose his litigation history. *See Harris v. Warden*, 498 F. App'x 962, 964 (11th Cir. 2012) (per curiam) ("A dismissal without prejudice generally does not constitute abuse of discretion, even for a single violation . . . , because the affected party may simply re-file.").

## CONCLUSION

Based on the foregoing, the undersigned **RECOMMENDS** that Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) be **DENIED** and that Plaintiff's claims be

**DISMISSED without prejudice** under 28 U.S.C. § 1915(g) and as a sanction for failing to disclose his litigation history.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the Honorable Marc T. Treadwell, United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

SO RECOMMENDED, this 19th day of September, 2016.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE